UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIAN RODRIGUEZ<br><br>       Plaintiff,<br><br>   v.<br><br>BURLINGTON COUNTY CORRECTIONS DEPARTMENT and CORIZON HEALTH OF NEW JERSEY, LLC<br><br>       Defendants. | Civ. Action No. 1:14-cv-04154 (NLH-JS)<br><br>OPINION |

**APPEARANCES**:

MARK D. LADERMAN, ESQUIRE
LAW OFFICES OF KAMENSKY COHEN & RIECHELSON
194 S. BROAD STREET
TRENTON, NEW JERSEY 08608
    On behalf of plaintiff

STEVEN J. LUCKNER, ESQUIRE
ROBIN KOSHY, ESQUIRE
OGELTREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10 MADISON AVENUE, SUITE 400
MORRISTOWN, NEW JERSEY 07960
    On behalf of defendant CORIZON HEALTH OF NEW JERSEY, LLC

**HILLMAN, District Judge**

    Presently before the Court is the Plaintiff's motion to remand this matter to the New Jersey Superior Court.  For the reasons expressed below, the Plaintiff's motion will be granted.

## BACKGROUND

On March 14, 2014, Plaintiff, a citizen of New Jersey, filed suit against her former employer Corizon Health of New Jersey, LLC (Corizon), and Burlington County Corrections Department (BCCD) in the Superior Court of New Jersey, Law Division – Burlington County.

Plaintiff alleges that Corizon has violated N.J.S.A. 10:5-1 et seq., the New Jersey Law Against Discrimination (NJLAD), by discriminating against her on the basis of sex and reprisal. Plaintiff also alleges that BCCD aided and abetted this unlawful employment discrimination, violating N.J.S.A. 10:5-12(e). Plaintiff asserts that she was sexually assaulted by a corrections officer employed by BCCD, Officer Markey Hayes, in the course of her employment with Corizon. She contends that, as a direct result of her sex, and in light of her complaint to BCCD of the officer's conduct, she was subjected to a hostile work environment and forced to resign. Although Plaintiff seeks numerous categories of damages, including compensatory damages, punitive damages, and attorney's fees, she did not specifically aver an amount in controversy in her complaint.

Defendants received notice of Plaintiff's State Court Action on June 2, 2014. Corizon's sole member is Corizon Health, Inc., a Delaware corporation with its principal place of business in the State of Tennessee. BCCD is a department within

a public entity organized in the State of New Jersey, and it is considered a citizen of the State of New Jersey.  On June 30, 2014 Corizon removed this suit to the United States District Court for the District of New Jersey, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  Corizon contends that (1) Plaintiff has stated a claim for at least $75,000, and (2) there exists diversity of citizenship among the parties because non-diverse Defendant BCCD has been fraudulently joined, eliminating any diversity issues.  Plaintiff has argued that remand is appropriate because (1) Corizon has failed to prove that the suit meets the requisite amount in controversy, (2) there does not exist diversity of citizenship due to a colorable claim against BCCD, and (3) not all Defendants have consented to removal.  Plaintiff also seeks attorney's fees in connection with a remand order, amounting to $1,625.00.

## DISCUSSION

### A. Amount in Controversy Requirement

A district court has original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1)(Diversity Jurisdiction).  A defendant may remove a civil action brought in a State court to the district court for the district and division embracing the place where such action is pending if the

3

district court has jurisdiction over the suit, pursuant to diversity jurisdiction.  28 U.S.C. § 1441(a).  A suit may not be removed if any party properly joined and served is a citizen of the State in which such action is brought.  28 U.S.C. § 1441(b)(2).

Once a suit has been removed to a district court, a plaintiff may file a motion to remand the action back to State court.  In considering a plaintiff's motion to remand, a court first looks to the plaintiff's complaint to determine the amount in controversy.  When a plaintiff "has not specifically averred" in her complaint that the amount in controversy is less than the jurisdictional minimum, a case must be remanded "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."  Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007).  This is known as the Samuel-Basset standard, which requires that, in order to achieve remand, the party challenging subject matter jurisdiction prove "to a legal certainty" that the amount in controversy "could not exceed the statutory threshold."  Id. at 195–96.

The Samuel-Bassett standard governs NJLAD cases that have been removed to federal court when the court's subject matter jurisdiction is challenged.  See Uddin v. Sears, Roebuck & Co., No. 13-6504 (JLL), 2014 WL 316988, at *4 (D.N.J. Jan. 27, 2014).  In Uddin, plaintiffs filed suit in the Superior Court of New

4

Jersey against their former employer, Sears, Roebuck & Co., for violations of the NJLAD, asserting that their terminations had been motivated by their religious affiliations. Id. at *1. Defendant Sears removed the case to the District of New Jersey, asserting subject matter jurisdiction. Id. Plaintiffs moved for remand, arguing that Sears had not demonstrated that the amount in controversy had been satisfied, but the court denied their motion. Id. at *1-*2, *6.

In applying the Samuel-Bassett standard described by the Third Circuit in Frederico, the Uddin court set out a process for considering a plaintiff's motion to remand when the motion is based on an alleged inadequate amount in controversy: a court must (1) read the complaint filed in state court to determine if the Morgan or Samuel-Bassett standard applies;[1] (2) consider

---

[1] In Frederico, the Third Circuit clarified approaches to determining the amount in controversy when challenged by a plaintiff seeking remand:

> Morgan applies where the complaint specifically avers that the amount sought is less than the jurisdictional minimum. There, a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount. By contrast, Samuel—Bassett applies where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum. There the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount.

Frederico, 507 F.3d 188 at 196-97.

5

defendant's notice of removal and plaintiff's complaint to determine if any factual disputes exist affecting jurisdiction and make any necessary findings; (3) apply the legal certainty test to the facts.  Id. at *5.

Because there were no factual disputes in Uddin, and the plaintiffs' complaint was silent as to the amount in controversy, the Court applied the Samuel-Bassett standard.  Id. at *5.  In determining the amount in controversy, the Uddin court considered compensatory damages (including front- and back-pay), punitive damages, and attorney's fees.  Id. at *5. Under New Jersey law, punitive damages can total up to five times the amount of compensatory damages.  N.J.S.A. 2A:15-5.14(b); Frederico, 507 F.3d at 199.  The Third Circuit has noted that attorney's fees can be estimated to be as high as 30% of the final judgment.  Frederico, 507 F.3d at 199.  The court found that because Mr. Uddin was paid $66,885.63 in 2012, if he was awarded just two months of back pay, plus punitive damages and attorney's fees, his damages would exceed the jurisdictional threshold of $75,000.  Uddin, 2014 WL 316988, at *5. Accordingly, the Court denied the plaintiffs' motion to remand because it was not satisfied to a legal certainty that plaintiffs could not recover less than the jurisdictional minimum if successful.  Id. at *1, *6.

6

In this case, a review of the Plaintiff's complaint and Corizon's notice of removal does not reveal any factual disputes regarding jurisdictional elements, other than the amount in controversy.  Thus, because the Plaintiff did not specifically aver an amount in controversy in her complaint, the <u>Samuel-Bassett</u> standard applies.  As such, in order for her case to be remanded, the Plaintiff must demonstrate to a legal certainty that the amount in controversy that she seeks cannot reach $75,000.

In applying the legal certainty test, the Court must consider the damages alleged by the Plaintiff.  Here, the Plaintiff seeks, among other things, (1) compensatory damages for loss of wages and fringe benefits, (2) front- and back-pay, (3) future benefits, (4) loss of earning capacity, (5) damages for emotional and physical distress, damage to reputation, and pain and humiliation, (6) punitive damages, (7) attorney's fees, costs, and interest.

These alleged damages - if awarded – easily exceed $75,000.  Even if the Plaintiff received $10,000 in lost wages, five times that amount in punitive damages ($50,000), and 30% of the $60,000 award in attorney's fees, her final award ($78,000) would surpass the requisite amount in controversy ($75,000).  This basic calculation does not take into account an array of the requested relief, including future benefits, loss of earning

7

capacity, and damages for emotional and physical distress. In light of this conservative estimate of potential compensatory damages, this Court is not satisfied, to a legal certainty, that the Plaintiff could not attain an award of $75,000 or more if her suit is successful. As such, remand will not be granted on the basis of inadequate amount in controversy.

**B. Unanimity Rule/Fraudulent Joinder**

If a civil action is removed on the basis of U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(a). Where there is more than one defendant joined, the "rule of unanimity" requires that all defendants consent to removal. Di Loreto v. Costigan, 351 F. App'x 747, 752 (3d Cir. 2009). There exists an exception to this rule: the doctrine of fraudulent joinder. In re Briscoe, 448 F.3d 201, 215–16 (3d Cir. 2006).

The fraudulent joinder doctrine allows a diverse defendant to remove a civil action, notwithstanding the presence of a non-diverse co-defendant, if it can establish that the non-diverse defendant was "fraudulently named or joined solely to defeat diversity jurisdiction." Id. at 216. If the non-diverse party has been fraudulently joined, it will be dismissed and the action will remain in federal court. Id. at 215-16. If the non-diverse party has not been fraudulently joined, it will

remain in the suit, and the case will be remanded for lack of diversity. Id. Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Id. at 216 (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)).

The removing defendant bears a "heavy burden of persuasion" in proving that a co-defendant has been joined fraudulently, because "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851. The Third Circuit has stated that joinder is proper "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." Id. Unless the claims against the non-diverse defendant are "wholly insubstantial and frivolous," joinder is not fraudulent. Id.

In applying the fraudulent joinder standard, a court is to "assume as true all factual allegations of the complaint" and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. at 852. In considering claims against the non-diverse defendant, the court cannot convert its jurisdictional inquiry into a

9

motion to dismiss. Id. It is possible that a party may not have been fraudulently joined, but may still be ultimately dismissed for failure to state a claim upon which relief may be granted. Id. The court must only decide whether a cause of action exists, because "to inquire any further into the legal merits would be inappropriate in a preliminary jurisdictional determination." Briscoe, 448 F.3d 201 at 219.

In this case, Corizon argues that the Plaintiff fraudulently joined BCCD. The Plaintiff has alleged that BCCD aided and abetted Corizon's unlawful employment discrimination in violation of the aiding and abetting provision of the NJLAD. That provision provides that it shall be unlawful "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J.S.A. 10:5-12(e). It defines "person" to include "individuals, partnerships, associations, organizations, labor organizations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, and fiduciaries." N.J.S.A. 10:5-5(a). This provision "contemplate[s] liability for *any person*, including third parties . . . that may aid and abet an employer in discriminating against an employee." Gardenhire v. New Jersey Mfrs. Inc. Co., 754 A.2d 1244, 1247 (N.J. Super. Ct. Law Div. 2000). Moreover, because the overarching goal of the NJLAD is

10

to eradicate "the cancer of discrimination," the New Jersey Legislature has directed that it "be liberally construed." Id. at 1248 (citing Dale v. Boy Scouts of Am., 734 A.2d 1196, 1208 (N.J. 1999)).

The case here is similar to Norris v. Securitas Sec. Servs. USA, Inc., No. 10-06809, 2011 WL 3206484 (D.N.J. July 27, 2011). In Norris, the plaintiff filed suit against her employer, Securitas Security Services (Securitas), and CSXIT, her alleged assailant's employer, for sexual harassment, wrongful termination, hostile work environment, and aiding and abetting such, in violation of the NJLAD. Id. at *1-*2. Norris, who was employed by Securitas as a security guard, alleged that a CSXIT employee sexually harassed her and that she was terminated upon Securitas' receipt of a letter from her assailant complaining of her negative work performance. Id. at *1. At the motion to dismiss stage, the District of New Jersey held that Norris failed to state a claim for sexual harassment and employment discrimination against CSXIT under the NJLAD because there was no employer-employee relationship between Norris and CSXIT. Id. at *3. The court also found, however, that even though the lack of an employment relationship between Norris and CSXIT precluded liability for sexual harassment, hostile work environment, and wrongful termination, it did not preclude liability for CSXIT for aiding and abetting such discrimination performed by

11

Securitas.  Id. at *3-*4.  In coming to this conclusion, the Norris Court recognized that the NJLAD specifically states that it is unlawful for "any person, whether an employer or employee or not, to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this act."  Id. at *3.  The Norris court found that "whether an employer or an employee, or not" is key language that evidences the broad application of the aiding and abetting provision.  Id.

 The Norris case supports the conclusion that a plaintiff can state a claim against a non-employer third party for aiding and abetting employment discrimination performed by their employer, in violation of the NJLAD.  Taking into account the fraudulent joinder standard, case law, and the legislative intent behind the NJLAD, the Plaintiff's cause of action against BCCD does not appear frivolous or wholly insubstantial.  As displayed in Norris, an individual may file suit against a non-employer third party for aiding and abetting the employment discrimination by their employer.  Plaintiff claims here that BCCD aided and abetted the unlawful employment discrimination committed by one of its corrections officers, Officer Markey Hayes, and Corizon, through its actions and inactions.  In sum, Plaintiff alleges that BCCD had actual or constructive knowledge of the proclivities of, and complaints against, Hayes, was aware of its role as his employer, and substantially assisted the

12

alleged discriminatory acts.  More specifically, Plaintiff contends that during her employment, and while BCCD was responsible for the supervision of her alleged assailant, Hayes approached her numerous times, touched her inappropriately, and grinded his pelvic region against her.  Plaintiff contends that she filed a formal complaint against Hayes with BCCD, and as a result, was subjected to a hostile work environment.  She asserts that employees and agents of BCCD and Corizon, including members of upper management, actually participated in, or were willfully indifferent to, this hostile work environment and the discrimination of which she complains.

Based on these allegations, although the Court cannot assess the ultimate viability of Plaintiff's claims against BCCD, there is a reasonable basis in fact and colorable ground supporting her claim against BCCD.  Accordingly, the Court finds that BCCD has not been fraudulently joined.  Because BCCD now remains in the case and is a citizen of New Jersey, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.  The case must therefore be remanded to the Superior Court of New Jersey Law Division – Burlington County.

### C. Award of Attorney's fees

Plaintiff also seeks attorney's fees for work completed by her attorney in connection with the Order to Remand.  The Third Circuit has accepted the Supreme Court's approach to an award of

13

attorney's fees in connection with removal proceedings, holding that, absent unusual circumstances, such awards are appropriate under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." First American Title Ins. Corp. v. JP Morgan Chase & Co., 384 F. App'x 64, 66 (3d Cir. 2010) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).  In light of the Plaintiff's failure to specifically aver an amount in controversy in her complaint, coupled with the complex issue of fraudulent joinder of a potential aider and abettor of employment discrimination, the Court believes that Corizon had an objectively reasonable basis for seeking removal.  As such, the Plaintiff's request for attorney's fees will be denied.

## CONCLUSION

For the reasons expressed above, Plaintiff's motion to remand must be granted and her request for attorney's fees, denied.  An appropriate Order will be entered.


Date: February 25, 2015              ____s/ Noel L. Hillman
                                     NOEL L. HILLMAN, U.S.D.J.


At Camden, New Jersey