## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————

ADRIAN RODRIGUEZ,

           Plaintiff,

    v.

BURLINGTON COUNTY CORRECTIONS
DEPARTMENT and CORIZON HEALTH
OF NEW JERSEY, LLC,

           Defendants.

———————————————

Civ. Action No. 14-4154
(NLH-JS)


**OPINION**

**APPEARANCES**:

MARK D. LADERMAN, ESQUIRE
LAW OFFICES OF KAMENSKY COHEN & RIECHELSON
194 S. BROAD STREET
TRENTON, NEW JERSEY 08608
On behalf of Plaintiff

STEVEN J. LUCKNER, ESQUIRE
ROBIN KOSHY, ESQUIRE
OGELTREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10 MADISON AVENUE, SUITE 400
MORRISTOWN, NEW JERSEY 07960
On behalf of Defendant Corizon Health of New Jersey, LLC

CARMEN SAGINARIO, JR
CAPEHART SCATCHARD
8000 MIDLAND DRIVE
SUITE 300S
P.O. BOX 5012
MOUNT LAUREL, NJ 08054
On behalf of Defendant Burlington County Corrections Department


**HILLMAN**, District Judge

    In her complaint, Plaintiff, a citizen of New Jersey,

alleged that her employer, Defendant Corizon Health of New

Jersey, LLC (Corizon), a Delaware corporation with its principal place of business in Tennessee, violated the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq., by discriminating against her on the basis of sex and reprisal. Plaintiff also alleged that Defendant Burlington County Corrections Department (BCCD), a citizen of New Jersey, aided and abetted this unlawful employment discrimination, violating N.J.S.A. 10:5-12(e).  Presently before the Court is Defendant Corizon's motion for reconsideration of the Court's Order granting Plaintiff's motion to remand this matter to the New Jersey Superior Court.[1]  Corizon removed the case to this Court pursuant to 28 U.S.C. § 1441(a), contending that co-defendant BCCD was fraudulently joined, and this Court could therefore exercise jurisdiction over the case under 28 U.S.C. § 1332(a). The Court determined that BCCD was not fraudulently joined, and remanded the case for lack of subjection matter jurisdiction because both Plaintiff and BCCD were citizens of New Jersey.

Corizon's motion for reconsideration challenges the Court's determination that BCCD was properly joined and served.  The Court cannot consider Corizon's motion, however, because the Court lacks jurisdiction to do so.  The Third Circuit has explained,

---

[1] BCCD filed a letter stating that it takes no position on Corizon's motion.  (Docket No. 28.)

> The general rule is that a district court loses jurisdiction over a case once it has completed the remand by sending a certified copy of the remand order to the state court.  This view is premised on both the language of § 1447(c) and (d) and the need to establish a determinable jurisdictional event after which the state court can exercise control over the case without fear of further federal interference.  The district court is also barred from reconsidering its decision if the remand was under § 1447(c) and the case thereby falls under the bar of § 1447(d).

Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225 (3d Cir. 1995) (internal citation omitted).  Once the Clerk mails a copy of the certified remand order to state court, the order may not be reconsidered.  Agostini v. Piper Aircraft Corp., 729 F.3d 350, 356 (3d Cir. 2013); see also 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case."); 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

Here, the Clerk mailed the transmittal letter to the Burlington County Superior Court on February 25, 2015. (See Docket No. 25.)  Corizon filed its motion for reconsideration on March 11, 2015, but at that point, the Court had already lost jurisdiction over the action.  Consequently, the Court cannot consider Corizon's motion.[2]

An appropriate Order will be entered.


Date: <u>September 9, 2015</u>          <u>_s/ Noel L. Hillman __</u>
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[2] The transmittal letter was issued on the same day that the Court issued its Opinion, thus preventing Corizon from ever having the opportunity to challenge the Court's decision.  The Third Circuit has recognized this issue: "A district court that seeks to preserve the ability to reconsider remand orders issued under § 1447(c), in order to guard against the occasional error in assessing subject-matter jurisdiction, may wish to bear in mind that jurisdiction is not transferred until the Clerk mails a copy of the certified remand order to state court. Once mailed, the order may not be reconsidered." <u>Agostini v. Piper Aircraft Corp.</u>, 729 F.3d 350, 356 (3d Cir. 2013).